UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OFIONG LOUIS SANDERS,                    Civil No. 06-4854 (ADM/FLN)

         Petitioner,

v.                                       REPORT AND RECOMMENDATION

Warden JESSICA SYMMES, and
Commissioner JOAN FABIAN,

         Respondents.

___

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds this action to be time-barred and will therefore recommend that it be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

The long and convoluted procedural history of Petitioner's case has been well-summarized by the Minnesota Court of Appeals, as follows:

> "In December 1997, appellant Ofiong Sanders was convicted by jury of first-degree burglary, in violation of Minn.Stat. § 609.582, subd. 1(a) (1996). Sanders was sentenced to 180 months in prison, an upward durational departure from the presumptive guidelines sentence of 65 months. The district court based the departure on its determination that Sanders was a career offender under Minn.Stat. § 609.152, subd. 3 (1996). [Footnote omitted.] Sanders appealed, and in December 1998, this court [i.e., the Minnesota Court of Appeals] affirmed his conviction. State v. Sanders, C9-98-1232 (Minn.App. Dec. 29, 1998), review denied (Minn. Mar. 16, 1999).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

> In August 2001, Sanders petitioned for postconviction relief, arguing that because he did not have five separate and sequential felony offenses and convictions, he did not meet the definition of career offender described in State v. Huston, 616 N.W.2d 282 (Minn.App.2000). The state agreed and moved for a sentencing departure based on the alternative theory that Sanders was a dangerous offender under Minn.Stat. § 609.152, subd. 2 (1996), subsequently recodified as Minn.Stat. § 609.1095, subd. 2 (1998). Without a hearing, the district court again sentenced Sanders to 180 months in prison, finding that he was a dangerous offender. This court reversed and remanded because Sanders was resentenced without a hearing. State v. Sanders, 644 N.W.2d 483, 488 (Minn.App.2002).
>
> In July 2002, after a resentencing hearing, the district court once again sentenced Sanders to 180 months as a dangerous offender. Sanders appealed this sentence, arguing that the state did not prove that he was a dangerous offender. In March 2003, this court affirmed Sanders's sentence. State v. Sanders, C4-02-1760 (Minn .App. Mar. 18, 2003), review denied (Minn. May 28, 2003).
>
> In August 2004, Sanders filed another petition for postconviction relief, arguing that his sentence violated his constitutional rights because the upward durational departure was based on aggravating factors found by the judge, not a jury. The postconviction court denied Sanders's petition."

Sanders v. State, No. A04-2256, (Minn.App. 2005), 2005 WL 2277265 (unpublished opinion) at *1.

On September 20, 2005, the Minnesota Court of Appeals held that Petitioner's latest state post-conviction motion, which was filed in August 2004, had been properly denied. Id. The Minnesota Supreme Court denied Petitioner's latest request for further review on December 13, 2005.

Petitioner's current federal habeas corpus petition was filed on December 12, 2006, although, for present purposes, it will be deemed to have been filed on the date when it was signed, which was December 7, 2006.[2]  The petition lists three grounds for relief:

---

[2] Because Petitioner is a prisoner, he is entitled to the so-called "mail-box rule," (see Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999)), which means that his current

    (1) "Sentence exceeds statutory maximum."

    (2) "Defective Complaint."

    (3) "Dangerous Offender Statute Governing Petitioner's Sentence is Illegal."

(Petition, [Docket No. 1], pp. 5-6, ¶ 12.)

However, the Court cannot consider any of Petitioner's claims on the merits, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by individuals who are in custody pursuant to a state court judgment. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

petition is deemed to be filed on the date when he gave it to prison officials for delivery to the Court, rather than the date when it was actually received and filed by the Clerk. The petition is dated December 7, 2006, and that obviously is the earliest date when Petitioner could have given it to prison officials for mailing. Therefore, the petition will be deemed to have been filed on that date.

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right,[3] or any new evidence that could not have been discovered soon enough to file a timely petition. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the

---

[3] It appears that Petitioner's claims may be based, at least in part, on the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). However, even if Petitioner is seeking relief based on those cases, the starting date for the federal statute of limitations period would not be altered pursuant to § 2244(d)(1)(C). Although Apprendi and Blakely did establish a new rule of constitutional law, (i.e., that factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. United States v. Moss, 252 F.3d 993, 999-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002); United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005) (per curiam) (unpublished opinion). Because neither Apprendi nor Blakely is retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when either of those cases was decided. See Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir.) (unpublished opinion) (statute of limitations for prisoner's Blakely claim did not begin to run when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely is not retroactively applicable on collateral review), cert. denied, 127 S.Ct. 64 (2006); Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6 ("§ 2244(d)(1)(C) does not serve to delay the date that the statute of limitations began to run as to petitioner's claim that his sentence violates Blakely..., because Blakely is not retroactively applicable to cases on collateral review").

conclusion of direct review or the expiration of the time for seeking such review."

This case, however, is somewhat unusual, because it is not readily apparent when Petitioner's judgment of conviction became "final" for purposes of § 2244(d). Normally, that issue is resolved by looking at the date when the state supreme court entered its final decision on direct appeal. Here, that occurred on March 16, 1999. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, a judgment does not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. It would therefore appear that Petitioner's judgment of conviction became "final" for purposes of § 2244(d)(1)(A), (and the one-year federal habeas statute of limitations began to run), on June 14, 1999 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal.

However, Petitioner may not actually be challenging his original conviction and sentence. In this particular case, Petitioner was resentenced in July 2002, which was several years after his original judgment of conviction and sentence became final on direct review. Assuming that Petitioner is actually challenging his new 2002 sentence, (which appears to be the case), then it is at least arguable that the § 2244(d)(1) statute of limitations did not begin to run until that new sentence became final on appeal.

There is no need to decide how § 2244(d)(1)(A) should be applied in this type of situation, (i.e., where a petitioner is challenging a new sentence imposed after his original conviction and sentence became final on direct appeal), because this action is time-barred regardless of how the statute is applied. Even if the statute is construed and applied

most favorably to Petitioner, by assuming that the one-year statute of limitations did not begin to run until his new sentence became final, his current petition is still untimely.

Petitioner's new sentence was imposed in July 2002, and it was affirmed by the Minnesota Court of Appeals on March 18, 2003. State v. Sanders, C4-02-1760 (Minn.App. 2003), 2003 WL 1222026 (unpublished opinion). The Minnesota Supreme Court denied further review on May 28, 2003, and the deadline for seeking certiorari review in the United States Supreme Court expired 90 days later, on August 26, 2003. Thus, Petitioner's new sentence became final, for purposes of § 2244(d)(1)(A), on August 26, 2003, so that is the latest possible date when the federal habeas corpus statute of limitations could have begun to run in this case.

The Court recognizes, of course, that the statute of limitations is tolled pursuant to § 2244(d)(2) when a state prisoner files a state post-conviction motion. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

Here, Petitioner did seek post-conviction relief after his new sentence was upheld by the Minnesota appellate courts. According to the State Court of Appeals, that last post-conviction motion was filed sometime "[i]n August 2004." Sanders, 2005 WL 2277265 at *1. Because the exact filing date is not presently ascertainable, the Court will give Petitioner the benefit of the most favorable permissible assumption, namely that his last state post-conviction motion was filed on the first day of August 2004.

Based on that assumption, the one-year statute of limitations would have been running from August 26, 2003, (when the new sentence became "final" on appeal), until

August 1, 2004, (when the last post-conviction motion is deemed to have been filed), which is a total of 339 days. The statute of limitations then would have been tolled, pursuant to § 2244(d)(2), from August 1, 2004, until the Minnesota Supreme Court denied Petitioner's request for further review of his last post-conviction motion, which occurred on December 13, 2005.[4] The statute of limitations then began to run <u>again</u> on December 14, 2005, and it continued to run until December 7, 2006 – the date when Petitioner is deemed to have filed his current petition. Thus, the statute of limitations ran for <u>an additional</u> 358 days after Petitioner's last post-conviction proceedings were completed on December 13, 2005.

Altogether then, the statute of limitations ran in this case for <u>at least</u> 339 days before Petitioner's last state post-conviction motion was filed, plus another 358 days after that proceeding was completed, which is a total of 697 days – far more than the one-year (365-day) limitation period prescribed by § 2244(d). In short, Petitioner's current habeas corpus petition is clearly time-barred, because it was filed at least 332 days too late.

Petitioner may believe that his last state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his last state post-conviction proceedings were complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has

---

[4] The statute of limitations was <u>not</u> tolled during the 90-day period following the State Supreme Court's final decision in the post-conviction proceedings, when Petitioner could have applied for a writ of certiorari from the U.S. Supreme Court. <u>Snow v. Ault</u>, 238 F.3d 1033, 1035-36 (8th Cir.), <u>cert</u>. <u>denied</u>, 532 U.S. 998 (2001). Furthermore, even if Petitioner did receive the benefit of that additional 90 days of tolling, his current petition would still be untimely.

already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[5]

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. Even if it is assumed that the one-year statute of limitations did not begin to run until Petitioner's new sentence became final on appeal, the present petition still was filed too late. The statute of limitations was running for at least 339 days before Petitioner's final state post-conviction proceedings were filed, and for another 358 days after those proceedings were concluded – a total of well over one year. Because the statute of limitations had been running for more than a year before Petitioner filed his present petition, this action is clearly time-barred. Therefore, the Court will recommend that this action be summarily dismissed pursuant to Rule 4.

---

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's habeas corpus petition, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.


Dated: December 13 , 2006

                                               s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 3, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.