UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ofiong Louis Sanders,

        Petitioner,

v.

Warden Jessica Symmes and
Commissioner Joan Fabian,

        Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4854 ADM/FLN

---

Ofiong Louis Sanders, *pro se*.

Thomas R. Ragatz, Esq., Assistant Attorney General, State of Minnesota, on behalf of Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Ofiong Louis Sanders's ("Petitioner") Objections [Docket No. 4] to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") [Docket No. 3] that Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice. For the reasons set forth below, Petitioner's Objections are denied and the R&R is adopted.

## II. BACKGROUND

The procedural history of Petitioner's case is well documented in Magistrate Judge Noel's R&R, and is incorporated herein by reference. Briefly stated, in December 1997, Petitioner was convicted of first-degree burglary in Minnesota state court. Sanders v. State, No. A04-2256, 2005 WL 2277265, at * 1 (Minn. Ct. App. Sept. 20, 2005). Although the presumptive range under Minnesota's Sentencing Guidelines was 65 months in prison, the trial

court sentenced Petitioner to 180 months based on its determination that Petitioner was a career offender. Id. During post-conviction proceedings, the state determined that Petitioner did not meet the definition of a career offender. Id. However, the state moved for a sentencing departure, seeking a judicial determination, that Petitioner instead qualified as a dangerous offender. Id. The trial court made this finding and again sentenced Petitioner to 180 months. Id. However, the resentencing was reversed on appeal because no sentencing hearing had been held. Id. In July 2002, the trial court held an evidentiary hearing and again imposed the 180-month sentence based on a finding of dangerous offender status. Id. The Minnesota Court of Appeals affirmed the judgment and the Minnesota Supreme Court denied review on May 28, 2003. Id. Petitioner did not seek review in the United States Supreme Court.

In August 2004, Petitioner filed a petition for post-conviction relief in state court. Id. The Minnesota Court of Appeals affirmed the trial court's denial of the petition. Id. at *4. The Minnesota Supreme Court denied Petitioner's petition for review on December 13, 2005.

On December 7, 2006, Petitioner filed his current Petition for Writ of Habeas Corpus. See R&R at 2 n.2. As grounds for relief, the Petition states that: (1) Petitioner's 180-month sentence exceeds the maximum authorized by the jury's verdict; (2) the criminal complaint was defective because it did not list the dangerous offender enhancement; (3) Minnesota's dangerous offender statute has been declared unconstitutional by Minnesota courts. Petition ¶ 12.

### III. DISCUSSION

**A.     Standard of Review**

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by

the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b). "If it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, R. 4.

**B.     Petitioner's Objections**

**1.     Statute of Limitations**

Petitioner objects to the R&R's conclusion that his habeas petition is time barred under the one-year limitation period established by 28 U.S.C. § 2244(d) for habeas corpus petitions filed by state prisoners. Under the statute, the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2).

Petitioner's Petition does not allege that state action prevented him from filing at an earlier date. Nor does the Petition allege that Petitioner became aware of new facts. Finally, although Petitioner's first ground for relief appears to be a claim that his sentence is

unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court has yet to hold that Blakely announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. See Burton v. Stewart, 127 S. Ct. 793, 794 (Jan. 9, 2007). Therefore, Petitioner's limitation period is measured under 28 U.S.C. § 2244(d)(1)(A).

Judge Noel thoroughly explained why Petitioner's Petition is time barred under that section. In short, the limitation period ran for 339 days from August 26, 2003, when the 90-day period for seeking review of the resentencing in the United States Supreme Court ended, until August 1, 2004, when Petitioner initiated post-conviction proceedings in state court.[1] The statute of limitations was tolled from August 1, 2004 until the state post-conviction relief proceedings ended when the Minnesota Supreme Court denied review on December 13, 2005. The limitation period resumed on December 14, 2005 and ran for another 358 days until Petitioner filed his federal habeas petition on December 7, 2006. Adding the two periods together, Judge Noel concluded that the Petition is time barred because the limitation period ran for 697 days, considerably beyond the one-year prescribed period. This Court finds no error in this result.

**2. Petitioner's New Arguments**

Petitioner raises new arguments in his Objections. He first asserts that "cause and prejudice may . . . exist by Magistrate Noel's assignment" to the instant case. Objections at 1. Petitioner refers to Judge Noel's recusal from Beck v. Fabian, Civil No. 05-6 MJD/JJG. However, Petitioner fails to suggest any reason why Magistrate Judge Noel's recusal in Beck is relevant to this case.

---

[1] The exact date of Petitioner's August 2004 state post-conviction relief petition is unknown. Judge Noel assumed, to the benefit of Petitioner, a filing date of August 1, 2004.

Petitioner also alleges in his Objections that conflicts with his attorney, either at trial or on direct appeal of the July 2002 resentencing,[2] led to ineffective assistance of counsel, and that the ineffective assistance excuses his failure to timely file his habeas petition. Petitioner cites Massaro v. United States, 538 U.S. 500, 509 (2003), for the proposition that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding" for post-conviction relief. However, Massaro, a case brought under 28 U.S.C. § 2255, does not hold that ineffective assistance of counsel at trial or on direct appeal excuses a habeas petitioner's failure to comply with the limitations period set by 28 U.S.C. § 2244(d). Petitioner does not allege that the facts supporting his ineffective assistance of counsel claim were unavailable to him before the end of the one-year limitation period. Therefore, Petitioner's claim of ineffective assistance of counsel can not excuse his failure to timely file a habeas petition.

Finally, Petitioner argues this Court should review the merits of his habeas claim because Minnesota courts have held that it is unconstitutional under Blakely for a judge to make an upward departure in sentencing based on a judicial finding that an individual is a dangerous offender. See State v. Shattuck, 704 N.W.2d 131, 142-43 (Minn. 2005) (holding provision of Minnesota Sentencing Guidelines "unconstitutional insofar as it permits an upward durational departure based on judicial findings"); State v. Enger, No. A05-2117, 2006 Minn. App. Unpub. LEXIS 896 (Minn. Ct. App. Aug. 15, 2006) (applying Shattuck to dangerous offender provision), vacated on other grounds, No. A05-2117, 2006 Minn. LEXIS 855 (Minn. Dec. 12, 2006). However, as already discussed, the United States Supreme Court has yet to declare that

---

[2] Petitioner does not specifically state when the ineffective assistance of counsel occurred.

Blakely is retroactively applicable to cases on collateral review.

Petitioner's new arguments do not affect the statute of limitations analysis. His Petition for Writ of Habeas Corpus remains time barred and must be dismissed.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 3] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 4] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 27, 2007.